UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY,

Plaintiff,

v.

DEPARTMENT OF DEFENSE,

Defendant.

**No. 26 cv 3855**

**COMPLAINT**

Plaintiff THE NEW YORK TIMES COMPANY, by and through its undersigned attorneys, alleges as follows:

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"), to obtain an order directing the United States Department of Defense (the "Department") to produce agency records in response to a FOIA request made by The New York Times Company ("The Times").

## PARTIES

2.      Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

3.      The Department is an agency of the federal government whose component, United States Army Central ("USARCENT"), has possession and control of the records that The Times seeks.

## JURISDICTION AND VENUE

1

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.     Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**FACTUAL BACKGROUND**

6.     On March 10, 2025, Matthieu Aikins, on behalf of The Times, submitted identical FOIA requests to USARCENT, United States Army Special Operations Command ("USASOC"), United States Army Human Resources Command, and United States Special Operations Command ("USSOCOM"). Those requests sought a copy of the AR 15-6 investigation related to United States Army Major Jim Gant, who was relieved of command while deployed in Afghanistan in 2012. Each request was eventually referred to USARCENT.

7.     On May 16, 2025, USARCENT electronically acknowledged that it had received the FOIA request referred to it by USASOC for review and direct response on March 19, 2025. USARCENT assigned the request tracking number USARCENT FOIA FA-25-0026.

8.     On November 13, 2025, USARCENT provided a final response to the request. That response stated that USARCENT, in consultation with USSOCOM, identified 238 pages of responsive records, and that those 238 pages were being withheld in their entirety. The denial asserted that personal information contained in the responsive records justified withholding them in full pursuant to personal privacy provisions contained in FOIA exemptions 3, 6, and 7c, set forth at 5 U.S.C. §§ 552 (b) (3) (invoking 10 U.S.C. § 130b), (6) and 7(c).

9.     The Times administratively appealed that determination on February 10, 2026.

10.    More than 20 business days have elapsed since that appeal was filed; USARCENT has not responded. The Times has not received any further response to this request.

**LEGAL FRAMEWORK**

11.     Agencies are permitted to withhold requested documents or parts of the documents only if one of FOIA's enumerated exemptions applies.  When a document contains properly exempt information, the agency has an affirmative obligation to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b).

12.     FOIA requires agencies to make a determination as to whether requested information is exempt from disclosure within 20 business days in most cases. *See id.* § 552(a)(6)(A)(i).

13.     If any agency denies a FOIA request, the requester has the right to administratively appeal that adverse outcome. *See id.* § 552(a)(6)(A)(i)(III)(aa).

14.     FOIA requires the agency to make a determination on the administrative appeal of a FOIA denial within 20 business days. *See id.* § 552(a)(6)(A)(ii).

15.     A requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with" the statutory deadlines. *Id.* § 552(a)(6)(C)(i).

**CAUSE OF ACTION (5 U.S.C. § 552)**

16.     The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

17.     The Department is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts for responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

18. The Department has failed to meet the statutory deadline for responding to The Times's administrative appeal. 5 U.S.C. § 552(a)(6)(A)(ii). The Times has therefore exhausted all available administrative remedies with respect to this request. *Id.* § 552(a)(6)(C)(i).

19. No FOIA exemption permits the Department to withhold all 238 pages of the requested records in full.

20. The Times is thus entitled to an order compelling the Department to produce records responsive to this request.

## REQUEST FOR RELIEF

21. WHEREFORE, The Times respectfully requests that this Court

a) Declare that the records sought by the request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

b) Order the Department to provide those records to The Times within 20 business days of the Court's order;

c) Award The Times the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

d) Grant The Times such other relief as this Court deems just and proper.

Dated: New York, New York
   May 8, 2026

*/s/ David A. Schulz*
David A. Schulz
Media Freedom and Information Access Clinic
Yale Law School
P.O. Box 208215
New Haven, CT 06520-8215
Phone: 212-663-6162
Email: david.schulz@yale.edu

David E. McCraw
Jackson Busch
Legal Department
The New York Times Company

620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Email: mccraw@nytimes.com
        jackson.busch@nytimes.com

*Counsel for Plaintiff*